## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON ALLEN JAMES, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5233** |
| **TANGIPAHOA PARISH** | **SECTION: "G"(1)** |

## <u>ORDER</u>

In this litigation, Plaintiffs Jason Allen James, Leon Norris, and Kevin Stogner (collectively, "Plaintiffs") bring various federal law claims against Tangipahoa Parish (the "Parish").[1] Plaintiffs allege that the Parish is requiring their residence, a sober home located at 42695 Robinwood Drive, Hammond, LA (the "Sober Home"), to meet certain burdensome permit requirements applicable to "addictive disorder treatment facilities" under the Parish's Code of Ordinances to continue operations.[2] Before the Court is Plaintiffs' "Motion for Temporary Restraining Order and Preliminary Injunction."[3] In the motion, Plaintiffs allege that the Parish obtained an injunction in state court, due to take effect on December 27, 2022, permitting the Parish to shut down the Sober Home for its failure to obtain a permit as an addictive disorder treatment facility (the "State Court Injunction").[4] Thus, Plaintiffs request a temporary restraining order and preliminary injunction that (1) prohibits the Parish from treating the Sober Home as an addictive disorder treatment facility under the Parish's Code of Ordinances until the Court resolves

---

[1] *See* Rec. Doc. 1.

[2] *See id*. at 1.

[3] Rec. Doc. 6.

[4] Rec. Doc. 6-2 at 3.

this matter and (2) stays the State Court Injunction.[5] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable, the Court denies the motion. This Order serves as the Court's findings of fact and conclusions of law.

## I. Background

### A.    *Factual Background*

Plaintiffs are three persons in recovery who reside at the Sober Home. The property on which the Sober Home is located (the "Property") is owned by Amanda Warner ("Warner"), through Warner Rental Properties, L.L.C ("Warner Rental"), and leased to Mark Robertson and Melissa Robertson (collectively, the "Robertsons").[6] The Robertsons, through True Freedom, Inc. ("True Freedom"), own and operate the Sober Home, which Plaintiffs allege "provides safe and sober housing to a maximum of ten . . . tenants in recovery from substance abuse and/or alcoholism."[7] The Sober Home is located in a "single-family zoning district within the City of Hammond."[8] Plaintiffs allege that the residents of the Sober Home "share in the cooking, shopping, cleaning, and upkeep of the premises," pay an equal share of the rent regardless of room size, and "may reside in the house indefinitely if they do not use drugs or alcohol, pay their rent on time, and do not engage in disruptive behavior."[9] Plaintiffs aver that the purpose of the Sober Home is to provide "an environment for emotional and mutual support and bonding to recovering

---

[5] *Id*. at 25.

[6] Rec. Doc. 1 at 1, 6

[7] *Id*. at 6.

[8] *Id*. at 7.

[9] *Id*. at 7–8.

substance abusers" such that they do not suffer "loneliness and isolation."[10]

Plaintiffs allege that, on June 15, 2022, the Parish's counsel "issued a letter to the Robertsons informing them that the Parish was aware that they were 'operating a sober living home' without a proper permit" and directing them "to immediately cease operation until the Parish approved of the 'proper permits.'"[11] Under the Parish's Code of Ordinances, "addictive disorder treatment facilities" and "halfway houses" are required to obtain a permit from the Parish.[12] Plaintiffs allege that, to obtain a permit, the Parish requires such facilities to provide on-site supervisory personnel 24 hours per day, provide residents regular access to health care providers, maintain significant general liability insurance, house occupants in a physical structure within the center of the property, and be handicap accessible.[13]

Plaintiffs allege that, after Warner attempted to obtain a permit by completing a commercial development application as instructed, on July 13, 2022, Plaintiffs' counsel and the Parish's counsel agreed that "the addictive disorder treatment facility ordinance likely did not apply."[14] However, Plaintiffs aver that, on August 16, 2022, "[w]ithout further communication or warning," the Parish filed a "Petition for Preliminary and Permanent Injunctive Relief" against the Sober Home and Warner in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana,

---

[10] *Id*. at 9.

[11] *Id*. at 10.

[12] *See* TANGIPAHOA PAR., LA., CODE OF ORD., Ch. 26, art. IX, § 26-299. The Tangipahoa Parish Code of Ordinances defines an "addictive disorder treatment facility" as "residential type facility or institution to rehabilitate persons diagnosed as being addicted to and being treated for the compulsive use of habit-forming drugs, specifically including, but not limited to, alcohol, narcotic drugs, prescription medication and/or illegal drugs" and defines "halfway house" as "a residential type facility or institution designed to rehabilitate persons who have left a hospital or prison." *Id*. at § 26-298.

[13] Rec. Doc. 1 at 1–2 (citing TANGIPAHOA PAR., LA., CODE OF ORD., Ch. 26, art. IX, § 26-296).

[14] *Id*. at 12.

3

"[seeking] to enjoin the operation of the home and to enforce the Tangipahoa Parish Code of Ordinances."[15]

Plaintiffs allege that, on September 15, 2022, they made a request for reasonable accommodation to the Parish to allow the Sober Home to continue operations pursuant to 42 U.S.C. § 3601, *et seq.,* the Fair Housing Act (the "FHA").[16] Plaintiffs further allege that they made a request to the Office of the State Fire Marshall ("OSFM") on October 17, 2022, for "a waiver of the limitations of the maximum number of unrelated persons who can reside together as a family" under Louisiana law.[17] Plaintiffs aver that the OSFM granted their reasonable accommodation request on October 20, 2022, and allowed the residents to be treated as a family "for the purpose of applying the state laws, rules and codes that are applicable to one- or two-family dwellings."[18] However, Plaintiffs allege that the Tangipahoa Parish Council denied Plaintiffs' accommodation request at a meeting convened on October 24, 2022.

On December 11, 2022, Plaintiffs filed a Complaint against the Parish in this Court.[19] In the Complaint, Plaintiffs seek declaratory, temporary, and permanent injunctive relief and assert three claims against the Parish.[20] First, Plaintiffs assert claims under the FHA alleging that the Parish has violated the statute by "making housing unavailable to the Plaintiffs because of their disability" through its Ordinances, "failing to make reasonable accommodations in its

---

[15] *Id.*; Rec. Doc. 6-7 (the Parish's state court petition against True Freedom and Warner for injunctive relief).

[16] Rec. Doc. 1 at 12.

[17] *Id.* at 13.

[18] *Id.* at 14.

[19] Rec. Doc. 1.

[20] *Id.* at 3; *see id.* at 19–21.

4

enforcements of its rules, regulations, and laws" for Plaintiffs to enjoy equal opportunities for housing, and "retaliating against Plaintiffs because of their exercise of their fair housing rights" (the "FHA Claim").[21] Second, Plaintiffs claim that the Parish violated 42 U.S.C. § 12132, *et seq*., the Americans with Disabilities Act, (the "ADA"), for the same reasons as alleged in the FHA Claim (the "ADA Claim"). Third, Plaintiffs claim that the Parish violated 29 U.S.C. § 794, the Rehabilitation Act of 1973 (the "RA"), by discriminating against Plaintiffs "solely on the basis of their handicap" (the "RA Claim").[22] On December 15, 2022, Plaintiffs filed an Amended Complaint that is identical to the Complaint except that it adds an additional claim pursuant to 42 U.S.C. § 1983 (the "Section 1983 Claim").[23] There, Plaintiffs allege that the Parish violated their First Amendment right to petition the government for redress of grievances by retaliating against Plaintiffs in seeking to close down the Sober Home after Plaintiffs' request for accommodation.[24]

On December 12, 2022, the day after this case was filed in federal court, Plaintiffs allege that Defendants obtained the State Court Injunction.[25] Plaintiffs aver that the Sober Home "requested a stay [of the State Court Injunction] pending resolution of [this] federal suit, which the [state court] granted only until December 27, 2022."[26]

---

[21] *Id*. at 19.

[22] *Id*. at 21.

[23] *See* Rec. Doc. 10 at 22.

[24] *Id*.

[25] Rec. Doc. 6-2 at 3.

[26] *Id*.

### B.   Procedural Background

On December 13, 2022, Plaintiffs filed the instant "Motion for Temporary Restraining Order and Preliminary Injunction,"[27] wherein they request an order that (1) prohibits the Parish from treating the Sober Home as an addictive disorder treatment facility under the Parish's Code of Ordinances until the Court resolves this matter and (2) stays the State Court Injunction.[28] On December 14, 2022, the Court held a status conference with counsel for both parties to discuss the briefing schedule for the motion.[29] During the status conference, the Court also heard arguments regarding whether 22 U.S.C. § 2283, the Anti Injunction Act,[30] barred Plaintiffs' request for injunctive relief.[31] On December 15, 2022, with leave of Court, Plaintiffs filed additional briefing on the issue to supplement its memorandum in support of the instant motion.[32] On December 16, 2022, the Parish filed an opposition to Plaintiffs' motion.[33]

## II. Parties' Arguments

### A.   Plaintiffs' Arguments in Support of the Motion

#### 1.       Whether the Anti-Injunction Act Bars Plaintiffs' Request for Relief

In their additional briefing in support of the "Motion for Temporary Restraining Order and Preliminary Injunction," Plaintiffs make three arguments to address the threshold issue of why the

---

[27] Rec. Doc. 6.

[28] Rec. Doc. 6-2 at 25.

[29] *See* Rec. Doc. 8.

[30] The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283.

[31] Rec. Doc. 8 at 1.

[32] Rec. Doc. 11.

[33] Rec. Doc. 13.

Anti-Injunction Act does not bar Plaintiffs' request for relief. First, Plaintiffs argue that the Anti-Injunction Act does not apply because they are "neither a party nor in privity with a party in the state proceeding."[34] Plaintiffs aver that, as sub-lessees, they "may only exercise rights under the original lease through the original lessee."[35] Thus, Plaintiffs argue that they are not in privity with defendants in the state court case, True Freedom and Warner Rental, because "none of the Plaintiffs are lessees of the Property and do not have an interest in the Property."[36] Plaintiffs assert that, although "[a] non-party will be considered in privity where the party to the first suit is so closely aligned with the nonparty's interest as to be his virtual representative," they did not have control over the state court action to be sufficiently aligned.[37]

Plaintiffs further assert that they are not in privity with the state court defendants under Louisiana law because they "are neither a current nor prospective owner of the [Property]" such that there exists no successive relationship to the same right of property.[38] Therefore, Plaintiffs conclude that, because they were not party to the state proceeding and "have a unique interest in keeping [the Sober Home] open pending resolution" of this case given that the Parish's state court action will threaten their recovery, their request for relief is not barred by the Anti-Injunction Act.[39]

Second, Plaintiffs argue that their FHA Claim and Section 1983 Claim fit the "expressly authorized" exception to the Anti-Injunction Act.[40] Plaintiffs further argue that "[d]istrict [c]ourts

---

[34] Rec. Doc. 11 at 2 (citing *Chezem v. Beverly Enterprises-Texas*, 66 F.3d 741, 742 (5th Cir. 1995)).

[35] *Id*. at 3 (citing *Ducote v. Callico*, 307 So. 2d 644, 645 (La. App. 4th Cir. 1974)).

[36] *Id*.

[37] *Id*. at 3–4 (citing *Benson & Ford, Inc. v. Wanda Petrol. Co.*, 833 F.2d 1172, 1174-75 (5th Cir. 1987).

[38] *Id*. at 4 (citations omitted).

[39] *Id*.

[40] *Id*. at 5 (citing *Mitchum v. Foster*, 407 U.S. 225 (1972) for the proposition that actions under 42 U.S.C. §

have recognized exceptions to the anti-injunction statute under the 'expressly authorized' exception wherein the plaintiffs seek redress under the Fair Housing Act."[41] Thus, Plaintiffs assert that, because they have alleged violations of the FHA and ADA, and amended their complaint to assert a claim under 42 U.S.C. §1983, this Court has "explicit jurisdiction to grant the requested injunctive relief."[42]

Third, Plaintiffs argue that an order that prohibits the Parish from treating the Sober Home as an addictive disorder treatment facility under the Parish's Code of Ordinances until the Court resolves this matter "would in no way interfere with the state court proceeding or the state court's judgment."[43] Plaintiffs aver that "[t]he state court did not explicitly order the Parish to take any action" but merely authorized it do so if it so chose.[44] Plaintiffs analogize their situation to an eviction proceeding where a court orders eviction but "does not force the housing provider to take that judgment to the constable for execution" and "housing providers regularly make deals with tenants to avoid execution of the judgment, and doing so does not violate" the order for eviction. Likewise, Plaintiffs argue that the Parish would not be in violation of the State Court Injunction if it chose not to enforce the ordinance at issue.[45] Therefore, Plaintiffs conclude that granting the injunction would not interfere with the state court proceeding.[46]

---

1983 falls within the "Act of Congress" exception).

[41] *Id*. (first quoting *Oxford House v. City of Albany*, 819 F. Supp. 1168, 1172 (N.D.N.Y 1993); and then citing *Martin v. Constance*, 843 F. Supp. 1321, 1323 n.1 (E.D. Mo. 1994)).

[42] *Id*.

[43] *Id*. at 5–6.

[44] *Id*. at 6.

[45] *Id*.

[46] *Id*.

### 2.      Whether Plaintiffs are Otherwise Entitled to the Requested Relief

In support of their "Motion for Temporary Restraining Order and Preliminary Injunction," Plaintiffs do not specifically address the factors that courts must consider in deciding whether to issue a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65.[47] However, Plaintiffs make five arguments in support of injunctive relief. First, Plaintiffs argue that the Parish is insisting on treating the Sober Home as an "addictive disorder treatment facility" such that it must obtain a permit, the requirements for which are "impossible and would force [the Sober Home] to close down and put the residents out on the street where they risk homelessness, jail, relapse and death."[48] Plaintiffs assert that the Sober Home "does not fit the definition of an addictive treatment facility because it does not provide rehabilitative services or administer medical treatment" but rather "provides safe and affordable housing for individuals in recovery."[49]

Second, Plaintiffs argue that the Parish's failure to grant them a reasonable accommodation for their disabilities is a violation of the FHA.[50] Plaintiffs assert that they are handicapped under the FHA because the statute treats alcoholism and drug addiction as a physical or mental impairment within the definition of "disability."[51] Thus, Plaintiffs aver that the effect of the Parish's actions "is to limit the housing opportunities of unrelated disabled persons by denying

---

[47] *See* Rec. Doc. 6-2.

[48] *Id*. at 1–2.

[49] *Id*. at 2.

[50] *Id*. at 14.

[51] *Id*. at 4 (citing 24 C.F.R. § 100.201).

them the right to live together as a group in any residential zoning district within [the Parish]."[52] Plaintiffs argue that "courts have enjoined the application and enforcement of zoning and health and safety regulations which had a discriminatory impact on group homes for handicapped individuals."[53] Therefore, Plaintiffs conclude that they are entitled to a reasonable accommodation to be exempt from the Parish's ordinances under the FHA.[54]

Third, Plaintiffs argue that the requested accommodation is reasonable because: (1) "it would not undermine the purposes of the existing zoning regulations;" and (2) the Sober Home's operation as a sober home in a single-family dwelling "will not alter the residential character of the neighborhood where it is located."[55] Specifically, Plaintiffs argue that only eight to ten residents live at the Sober Home and there will be no outside customers or professional services coming to the residence such that it "will have no more effect on [the Parish's] neighborhoods than any other family with eight residents."[56] Plaintiffs assert that "the Parish has not identified any burden it would bear were the home to remain open."[57] Plaintiffs aver that the request "is especially reasonable in light of the fact that its operations do not even truly fall within the scope of the ordinance."[58] Thus, Plaintiffs conclude that, "because the FHA and ADA allow covered entities to deny accommodations only if they would cause *undue* burden," and given that the Parish has

---

[52] *Id*. at 14.

[53] *Id*. at 16 (citations omitted).

[54] *Id*. at 17.

[55] *Id*.

[56] *Id*.

[57] *Id*.

[58] *Id*. at 18.

not identified any burden, the request for accommodation is reasonable.[59]

Fourth, Plaintiffs argue that the requested accommodations are necessary to allow them to enjoy equal opportunity to use and enjoy the Property, as required by the FHA, because the Sober Home will not be financially viable without the accommodation.[60] Plaintiffs aver that the Sober Home's "monthly income does not support the ability to meet the Parish's costly requirements [to obtain a permit]."[61] Thus, Plaintiffs conclude that the accommodation is necessary to allow the Sober Home to continue operations.[62]

Plaintiffs further argue that the accommodation is necessary for the residents because "the residents of a sober homer 'benefit from living with other people who are recovering from alcoholism and drug addiction.'"[63] Plaintiffs aver that the "type of living arrangement available at [the Sober Home] 'has an ameliorative effect on the residents' disability/handicap'" because it "allows residents [to] live in a supportive familial environment."[64] Plaintiffs assert that, even though the arrangement is necessary, the Parish's Code of Ordinances "restricts the number of unrelated individuals that can live together, preventing [the Sober Home's] residents from being able to benefit from residing with up to ten people in a single-family home" by preventing more than four unrelated individuals from residing in a single-family home.[65]

---

[59] *Id*. at 18–19 (citing *United States v. City of Taylor*, 872 F. Supp. 423, 443 (E.D. Mich. 1995)).

[60] *Id*. at 19.

[61] *Id*. at 20. Plaintiffs provide a detailed accounting of why satisfying the requirements to obtain a permit would be cost prohibitive. *See id.* at 19–21.

[62] *Id*. at 21.

[63] *Id*. at 22 (quoting *Oxford House v. Baton Rouge*, 932 F. Supp. 2d 683, 693 (M.D. La. 2013)).

[64] *Id*. (quoting *Oxford House*, 932 F. Supp .2d at 693).

[65] *Id*.

Fifth, Plaintiffs argue that the Parish also retaliated against them for requesting an accommodation in violation of the FHA.[66] Plaintiffs aver that Warner "first requested the form to make a reasonable accommodation" in a conversation with a planning department committee employee on June 30, 2022.[67] Plaintiffs allege that it then informed the Parish they would be requesting a reasonable accommodation on July 13, 2022, only for the Parish to file a suit against them in state court a month later.[68] Plaintiffs further allege that they made another reasonable accommodation request on September 15, 2022, which was denied on October 24, 2022, leading to the Parish continuing "its attempt to shutter [the Sober Home's] operations."[69] Plaintiffs conclude that, likewise, "[t]he Parish Council's statements in the Parish Council meeting [where the request was denied] . . . indicate that its decision to continue its pursuit of an injunction against [the Sober Home] is motivated by discriminatory bias against [the Sober Home's] residents."[70]

**B.   *The Parish's Arguments in Opposition to the Motion***

**1.       Whether the Anti-Injunction Act Bars Plaintiffs' Request for Relief**

In opposition to Plaintiffs' motion, the Parish argues that the requested relief does not fall within any of the three exceptions to the Anti-Injunction Act.[71] The Parish avers that the only exceptions to the Anti-Injunction Act are (1) the "Act of Congress" exception; (2) the "in aid of its jurisdiction" exception; and (3) the "relitigation" exception.[72] First, the Parish argues that

---

[66] *See id.* at 23.

[67] *Id.*

[68] *Id.* at 23–24.

[69] *Id.* at 24.

[70] *Id.*

[71] *See* Rec. Doc. 13.

[72] *See id.*

Plaintiffs can point to no statute that contains "an expressly authorized exception to the Anti-Injunction Act," and so the "Act of Congress" exception does not apply.[73] Second, the Parish argues that the "in aid of its jurisdiction" exception does not apply because the relief being requested would replace the state court's previous finding that the Parish was entitled to enforce the ordinance.[74] Third, the Parish asserts that the "relitigation" exception does not apply because it "only permits a district court to enjoin a state court from litigating claims and issues that district court has already decided" and the Court has decided none of the claims at issue here.[75]

The Parish also argues that Plaintiffs' requested relief, even if not staying a state court judgment, would "in effect" overrule the "judgment that the facility in question meets the requirements of being an addictive disorder treatment facility under parish ordinance and therefore requires a permit (which it does not have)."[76] Thus, the Parish asserts that the Court lacks subject matter jurisdiction to decide this same issue and therefore should deny Plaintiffs' motion.[77]

### 2.    Whether Plaintiffs are Otherwise Entitled to the Requested Relief

The Parish does not address whether Plaintiffs would be entitled to the relief requested in the motion if the Anti-Injunction Act does not bar such relief.[78]

---

[73] *Id*. at 2–3 (quoting *Texas Emprs. Ins. Ass'n v. Jackson*, 820 F.2d 1406, 1415–16 (5th Cir. 1987)).

[74] *Id*. at 3.

[75] *Id*. at 3–4.

[76] *Id*. at 4.

[77] *Id*. (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005); and then *Phinizy v. State of Ala.*, 847 F.2d 282, 283–84 (5th Cir. 1988)).

[78] *See* Rec. Doc. 13.

### III. Law and Analysis

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. A party requesting a temporary restraining order or preliminary injunction must clearly show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[79] However, Plaintiffs request that the Court enjoin a state court judgment—the State Court Injunction. As this Court explained in *Cheneau v. Bank of America NA*, "[u]nder such circumstances, a federal district court must first determine whether the Anti-Injunction Act prohibits it from granting an injunction before it may apply the four-factor test stated above."[80] Therefore, the Court first analyzes whether the Anti-Injunction Act bars granting Plaintiffs' request for injunctive relief before turning to the four-factor test.

### A.     *Whether the Anti-Injunction Act Bars Plaintiffs' Request for Relief*

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction or stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[81] As the Fifth Circuit explained in *United States v. Billingsley*, "[t]he Act is 'designed to prevent conflict between federal and state courts'" and "does not prohibit only injunctions directed at state courts themselves, but also injunctions directed at private parties when the injunction would prohibit using the results of

---

[79] *Janvey v. Alguire,* 647 F.3d 585, 595 (5th Cir. 2011); *see also Hassani v. Napolitano*, No. 09-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) ("To obtain a TRO, an applicant must demonstrate entitlement to a preliminary injunction.").

[80] No. 14-0384, 2015 WL 12564182, *5–6 (E.D. La. Jan. 27, 2015) (Brown J.).

[81] 28 U.S.C. § 2283.

a state court proceeding."[82]

Plaintiffs argue that the relief requested—an injunction that prohibits the Parish from enforcing its Code of Ordinances by treating the Sober Home as an addictive disorder treatment facility until this matter is resolved—"would in no way interfere with the state court proceeding or the state court's judgment."[83] However, in the motion, Plaintiffs concede that the state court has already determined that Sober Home meets "the requirements for an Addictive Disorder Treatment Facility" and therefore requires a permit.[84] Thus, prohibiting the Parish from enforcing its Code of Ordinances in treating the Sober Home as an addictive disorder treatment facility, when the state court has explicitly authorized the Parish to do so, would prevent the Parish from "using the results of a state court proceeding."[85] Accordingly, all of the relief requested falls squarely within the Anti-Injunction Act under *Billingsley*.[86]

Plaintiffs also argue that the Anti-Injunction Act does not apply because they are not parties to the state court action. The Fifth Circuit has recognized that the Anti-Injunction Act does not apply where the parties in federal court are "neither parties nor privies of parties to the state court action."[87] Plaintiffs are residents of the Sober Home and are not named as defendants in the state court action; rather, the Parish filed its petition for injunctive relief in state court against True

---

[82] 615 F.3d 404, 409 (5th Cir. 2010) (quoting *Leiter Mins., Inc. v. United States*, 352 U.S. 220, 225 (1957)).

[83] Rec. Doc. 11 at 5–6.

[84] *See* Rec. Doc. 6-2 at 3 ("[T]he State Court granted the Parish's request [in the state court petition for injunctive relief].").

[85] *Billingsley*, 615 F.3d at 409.

[86] *Id*.

[87] *Chezem v. Beverly Enterprises-Texas, Inc.*, 66 F.3d 741, 742 (5th Cir. 1995) ((citing *Cnty. of Imperial v. Munoz*, 449 U.S. 54, 59-60 (1980); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1020 (7th Cir. 1990)).

Freedom and Warner Rental.[88] Therefore, the question is whether Plaintiffs are privies of either True Freedom or Warner Rental.

The Fifth Circuit has explained that "[p]rivity is a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion."[89] Furthermore, "[p]rivity is . . . a broad concept, which requires us to look to the surrounding circumstances . . ."[90] In general, there are three circumstances in which a non-party and party to a prior suit will be considered in privity: (1) where a nonparty has succeeded to a party's interest in property such that the nonparty is bound by prior judgments against that party; (2) where the nonparty "controlled the original suit" such that it is bound by the prior judgment; and (3) where a nonparty's "interests were represented adequately by the party in the original suit."[91]

Plaintiffs argue that, under Louisiana law, they cannot be said to be in privity with True Freedom or Warner Rental such that it is bound by the prior judgment because each is "neither a current nor prospective owner of the [Property]."[92] However, even if the Court accepted this argument, doing so would not end the privity analysis for purposes of the Anti-Injunction Act. The Court must also ask whether Plaintiffs' interests were adequately represented by True Freedom or Warner Rental in the state court action.

Plaintiffs appear to argue that their interests were not adequately represented in the state

---

[88] *See* Rec. Doc. 6-7 at 3.

[89] *Vines v. Univ. of La.*, 398 F.3d 700, 706 (5th Cir. 2005).

[90] *Russell v. Sunamerica Secur.*, 962 F.2d 1169, 1173 (5th Cir. 1992).

[91] *Benson and Ford, Inc. v. Wanda Petroleum Co.*, 833 F.2d 1172, 1174 (5th Cir. 1987) (quoting *Freeman v. Lester Coggins Trucking, Inc.*, 771 F.2d 860, 864 (5th Cir. 1985)).

[92] Rec. Doc. 11 at 4.

court proceeding because they are "people recovering from alcohol and substance abuse, and their eviction as a result of the Parish's state court action will threaten their recovery."[93] "Privity by virtue of adequate representation is 'the existence of an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues.'"[94] As the Fifth Circuit has explained, "'parallel interests' alone is insufficient."[95]

Plaintiffs assert that they do not have a legal relationship with the state court defendants because occupancy by a sub-lessee is not sufficient to create privity with a lessor.[96] However, True Freedom leases the Property from Warner Rental.[97] Then, Plaintiffs sign a contract, presumably with True Freedom or its operators, to enter the Sober Home.[98] Thus, regardless of whether that contract grants Plaintiffs rights as tenants, which Plaintiffs claim it does not, they have a legal relationship with True Freedom. Although Plaintiffs provide no information on the nature of this legal relationship, it is illogical to conclude that the operator of a "facility" or "home" is not accountable to its residents over the issue of whether the operation may continue.[99] Furthermore, Plaintiffs and True Freedom share the same interest in having the operation continue such that residents have a place to stay. Accordingly, the Court finds that Plaintiffs have not demonstrated

---

[93] *Id.*

[94] *Texas v. Dep't of Labor*, 929 F.3d 205, 211 (2019) (quoting *Pollard v. Cockrell*, 578 F.2d 1002, 1008 (5th Cir. 1978)).

[95] *Id.* (quoting *Freeman,* 771 F.2d at 865–66).

[96] *See* Rec. Doc. 11 at 3.

[97] Rec. Doc. 11 at 1 (stating that True Freedom rents the house from Warner).

[98] *Id.* ("The typical contract a resident signs to enter the house specifies that they agree to waive their 'rights to due process afforded by local landlord-tenant law.").

[99] *Pollard,* 578 F.2d at 1008.

that they were inadequately represented in the state court proceeding.[100] Thus, the Court finds that the Anti-Injunction Act is applicable to this case.

However, the text of the Anti-Injunction Act does recognize three exceptions that allow a federal court to enjoin a state court proceeding: (1) where an injunction is expressly authorized by Act of Congress;" (2) where an injunction is "necessary in aid of its jurisdiction;" or (3) "to protect or effectuate its judgments."[101] However, the exceptions are "strictly construed," and the Supreme Court has "rejected the argument that 'a federal court may enjoin state proceedings even if that action cannot be justified by any of the three exceptions.'"[102] Rather, "the Anti-Injunction Act 'is an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of the three specifically defined exceptions.'"[103]Plaintiffs only assert that the first exception— the "Act of Congress" exception—applies because they assert claims under the FHA and 42 U.S.C. § 1983.[104]

---

[100] *See N.L.R.B. v. Ky. River Cmty. Care, Inc.,* 532 U.S. 706, 711 (2001) ("[T]he general rule of statutory construction that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits.") (quoting *FTC v. Morton Salt Co.*, 334 U.S. 37, 44–45 (1948)); *see also Greyhound Corp. v. Leadman,* 112 F. Supp. 237, 239 (E.D. Ky. 1953) (applying this general rule of statutory construction to the Anti-Injunction Act). The Court notes that the instant motion refers to True Freedom and its residents interchangeably as Plaintiffs. *See, e.g.,* Rec. Doc. 6 at 2 ("Following the Plaintiffs' reasonable accommodation request, the Parish filed suit in the 21st Judicial Court, seeking injunctive relief on the grounds that Plaintiffs were operating without a proper permit under the Addictive Disorder Treatment Facility Ordinance."). The Court further notes that the Amended Complaint at one point refers to Plaintiffs as "True Freedom, Inc., and Amanda Warner." Rec. Doc. 10 at 20. Furthermore, the same counsel appears to be representing both Defendants in the state court proceeding and Plaintiffs in the instant matter. The Court mentions these facts to highlight the legal alignment between Plaintiffs and True Freedom in the federal and state proceedings.

[101] 28 U.S.C. § 2283.

[102] *Health Net, Inc. v. Wooley,* 534 F.3d 487, 493–94 (5th Cir. 2008) (quoting *Atl. Coast Line R.R. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970)).

[103] *Id*. (quoting *Atl. Coast Line R.R.*, 398 U.S. at 286).

[104] *See* Rec. Doc. 11 at 4–5. The Court finds that the "necessary in aid of its jurisdiction" does not apply because this case is not an *in rem* action. *See Texas. v. United States*, 837 F.2d 184, 186 n.4 (5th Cir. 1988) (internal citation omitted). The Court also finds that the "to protect or effectuate its judgments" exception does not apply because there is no final judgment in this proceeding. *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 323 (5th Cir. 2005).

In support of the contention that the FHA falls under the "Act of Congress" exception, Plaintiffs quote a statement by a district court in the Second Circuit that "[d]istrict courts have recognized exceptions to the anti-injunction statute . . . wherein the plaintiff seeks redress under the [FHA]."[105] However, more recently, a district court in the Second Circuit held that, "[s]ince the [FHA] is expressly enforceable in both state and federal courts, no stay of a state action is required to secure its intended scope, and consequently the [Act of Congress] exception to the Anti-Injunction Act is here inapplicable."[106]

More significantly, in *Billingsley,* the Fifth Circuit suggested that the "Act of Congress" exception is inapplicable to a claim brought under the FHA.[107] There, the United States sued a subdivision's zoning and covenants compliance authority in federal court, alleging that it violated the FHA by failing to allow a resident with a disability to maintain a footbridge in front of her home and seeking an injunction preventing them from removing the footbridge.[108] However, the federal court defendant had obtained a judgment in state court requiring removal of the footbridge.[109] The Fifth Circuit vacated the district court's order granting the United States' request for a preliminary injunction, holding that the Anti-Injunction Act barred the relief.[110] Specifically, in holding that the United States was limited to the remedies available to private persons under the FHA, the Fifth Circuit explained that private persons would not have been able to obtain a

---

[105] Rec. Doc. 6 at 5 (quoting *Oxford House v. City of Albany,* 819 F. Supp. 1168, 1172 (N.D.N.Y 1993)).

[106] *Sierra v. City of New York*, 528 F. Supp. 2d 465, 468 (S.D.N.Y. 2008) (internal citations omitted).

[107] *See* 615 F.3d 404.

[108] *Id*. at 406.

[109] *Id*.

[110] *Id*. at 411.

preliminary injunction under similar circumstances because such an order would be in violation of the Anti-Injunction Act.[111] It follows that Plaintiffs, as private persons, likewise cannot obtain a preliminary injunction based on the FHA Claim because the relief is barred by the Anti-Injunction Act. Accordingly, the Court finds that Plaintiffs are barred from injunctive relief under the Anti-Injunction Act where such relief is based on the FHA Claim.

Furthermore, Plaintiffs do not argue that the "Act of Congress" exception applies to its claims under the ADA and RA, and the Court can find no authority to the contrary.[112] Thus, the Court also finds that Plaintiffs are barred from injunctive relief where such relief is based on the ADA Claim or RA Claim.

However, Plaintiffs correctly argue that their request for relief based on the Section 1983 Clam is not barred by the Anti-Injunction Act. It is well established that 42 U.S.C. § 1983 is an "expressly authorized exception" to the Anti-Injunction Act.[113] "However, § 1983 does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'"[114] Accordingly, although Plaintiffs can request injunctive relief based on the Section 1983 Claim, the Court must determine whether such relief is warranted.

---

[111] *Id.*

[112] *See* Rec. Doc. 11.

[113] *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) (explaining that "[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights–to protect the people from unconstitutional action under color of state law"); *see also Gates v. Strain*, 855 F.3d 874, 880 (5th Cir. 2018).

[114] *Gates*, 855 F.3d at 880 (quoting *Mitchum*, 407 U.S. at 243).

**B.      *Whether Plaintiffs are Entitled to the Requested Relief Based on the Section 1983 Claim***

The Court now turns to whether Plaintiffs are entitled to a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 based on the Section 1983 Claim. "A preliminary injunction is an extraordinary and drastic remedy."[115] Therefore, such relief should only be granted if the movant "has clearly carried the burden of persuasion" on each of the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[116] A Court need not address each element if a plaintiff fails to meets its burden of establishing any one element.[117]

Here, Plaintiffs have not addressed whether there is any likelihood of success on the merits of their Section 1983 Claim.[118] Rather, Plaintiffs only argue that they are likely to succeed on the FHA Claim, under which the requested relief is barred by the Anti-Injunction Act. Thus, Plaintiffs have not met their burden of persuasion regarding the first element necessary for the Court to grant the requested preliminary injunction.

Regardless, upon review of the facts, the Court doubts that Plaintiffs have any chance to succeed on the merits of their Section 1983 Claim. Plaintiffs allege that the Parish violated their

---

[115] *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008).

[116] *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989); *Janvey v. Alguire,* 647 F.3d 585, 595 (5th Cir. 2011); *see also Hassani v. Napolitano*, No. 09-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) ("To obtain a TRO, an applicant must demonstrate entitlement to a preliminary injunction.").

[117] *Roho, Inc.*, 902 F.2d 356, 361 (5th Cir. 1990).

[118] *See* Rec. Docs. 6-2, 11. Plaintiffs also do not address the likelihood of success on the merits of the ADA Claim or RA Claim, nor do they specifically argue that the injunction will not do disservice to the public interest. *See* Rec. Docs. 6-2, 11.

First Amendment right to petition the government for redress of grievances by retaliating against Plaintiffs in seeking to close down the Sober Home after Plaintiffs' request for accommodation.[119] To prevail on a retaliation claim under 42 U.S.C. § 1983, a plaintiff "must establish: (1) the existence of a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation."[120]

The facts alleged by Plaintiffs do not indicate that the Parish intended to retaliate against them for asserting their constitutional right to request a reasonable accommodation. Plaintiffs admit that the Parish's counsel issued a letter on June 15, 2022, directing the Sober Home's operators to "immediately cease operation until the parish approved of the 'proper permits.'"[121] However, Plaintiffs gave the Parish no indication it would request a reasonable accommodation until June 30, 2022, when Plaintiffs allege that "Warner first requested the form to make a reasonable accommodation."[122] Therefore, Plaintiffs allege that the Parish began committing the alleged retaliatory act—attempting to shut down the Sober Home's operations—before Plaintiffs gave any indication that they *may* attempt to assert their constitutional right to request a reasonable accommodation. Furthermore, Plaintiffs did not actually request a reasonable accommodation from the Parish until September 15, 2022, after the Parish had already filed the state court petition against True Freedom and Warner Rental.[123] Therefore, the Plaintiffs have not shown any likelihood of success on the merits of the Section 1983 Claim. Thus, although the Court

---

[119] Rec. Docs. 6-2, 11.

[120] *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).

[121] Rec. Doc. 10 at 10.

[122] Rec. Doc. 6-2 at 23.

[123] *Id*. at 23–24.

acknowledges the threat of injury to Plaintiffs, the issuance of a temporary restraining order or preliminary injunction would be inappropriate.[124]

## V. Conclusion

The Anti-Injunction Act bars the Court from issuing a temporary restraining order or preliminary injunction based on Plaintiffs' FHA Claim, ADA Claim, or RA Claim. Furthermore, Plaintiffs have failed to meet its burden of showing a likelihood of success on the merits of their Section 1983 Claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs "Motion for Temporary Restraining Order and Preliminary Injunction" is **DENIED**.[125]

**NEW ORLEANS, LOUISIANA**, this _21st_ day of December, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[124] *See Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975) ("No matter how severe and irreparable an injury one seeking a preliminary injunction may suffer in its absence, the injunction should never issue if there is no chance that the movant will eventually prevail on the merits.").

[125] Rec. Doc. 6.